UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CANDIDA SANDOVAL ESCOBAR, AND HER HUSBAND OSVALDO CABRERA, AND THEIR CONJUGAL PARTNERSHIP | CIVIL NO. # |
| *Plaintiffs* | TRIAL BY JURY IS DEMANDED |
| Vs. | |
| ROMANO'S MACARONI GRILL PUERTO RICO INC., AND ITS UNKNOWN INSURER A; UNKNOWN DEFENDANTS AND OR DEFENDANTS WHOSE IDENTITY OR EXISTENCE IS UNKNOWN "B" TO "Z" | |
| *Defendants* | |

## *COMPLAINT*

**TO THE HONORABLE COURT:**

NOW COME plaintiffs, represented by the undersigned attorneys, and respectfully state, allege and pray:

**I. JURISDICTION**

This Honorable Court has subject matter jurisdiction over the claims in this complaint based on diversity of citizenship, since plaintiffs Cándida Sandoval-Escobar and her husband Osvaldo Cabrera are domiciled in the State of Florida, United States of America, and defendant Romano's Macaroni Grill Puerto Rico Inc. is a legal entity who is incorporated and has its

principal place of business in the Commonwealth of Puerto Rico, United States of America, with the matter in controversy exceeding the jurisdictional amount of $75,000.00, all pursuant to 28 U.S.C. § 1332.

**II  PARTIES**

1. Plaintiffs Cándida Sandoval Escobar and her husband Osvaldo Cabrera are married to each other and are domiciled in the State of Florida, USA. Together they constitute co-plaintiff conjugal legal partnership Cabrera-Sandoval.

2. Defendant Romano's Macaroni Grill Puerto Rico Inc. is the owner and operator of a restaurant that operates under the name Romano's Macaroni and Grill, at the Municipality of Caguas, Puerto Rico, and is incorporated and has its principal place of business in the Commonwealth of Puerto Rico, United States of America.

3. Co-defendant "A" is the insurer for Romano's Macaroni and Grill, whose existence and identity is presently unknown, and is responsible to plaintiffs for their damages pursuant to any insurance policy in effect at all times pertinent covering to any extent the allegations in this complaint.

4. Co-defendants "B"-"Z" are all parties who are unknown or whose identities are unknown at this time, who are liable for plaintiffs' damages (including but not limited to owners and operators of the area of the accident, lesees, subsidiaries, parent corporations, contractors) pursuant to any negligent acts and omissions, and breaches of their duty of care to prevent accidents like the one suffered by Mrs. Sandoval, including under the economic benefit doctrine. Additionally, these parties include any insurer for any unknown parties, or parties whose identities are unknown, who are responsible to plaintiffs pursuant to any insurance policy in effect at all times pertinent.

## III. FACTS AND LIABILITY

1. On September 19th, 2021, co-plaintiff Cándida Sandoval visited the restaurant called Romano's Macaroni Grill, located at Las Catalinas Mall in Caguas, Puerto Rico. Said restaurant is owned, controlled and operated by defendant Romano's Macaroni Grill Puerto Rico Inc..

2. The waiter at defendant's restaurant directed Mrs. Sandoval to a dinning booth. The booth and its table were mounted on an elevated surface (step). The table was supported by a center base that spiked outwardly on the floor, and into the customer's feet and exit route.

3. At a certain point, co-plaintiff Cándida Sandoval was in the process of exiting the seating booth, and one of her feet slightly tripped on one of the spikes under the table. Given the elevation of the surface (step), Mrs. Sandoval fell off the booth as she was trying to step outside, suffering the grave damages alleged in this complaint.

4. The adequate cause of the accident and damages suffered by plaintiff was the gross negligence of defendant Romano's Macaroni Grill Puerto Rico Inc., who mounted some of their dinning booths on top of an unduly elevated step, while the spikes at its metal base interrupted the exit movement of a customers' feet, under narrow conditions given the booth's conformation, and all under recessed lighting conditions. The aforesaid configuration definitely created a dangerous trap for unsuspecting dinning customers like Mrs. Sandoval, was very much preventable, and constitutes gross negligence. There were no warnings for the clients about these dangers. Thus, defendant must compensate plaintiffs for the damages they suffered as a result of the accident narrated herein, as they behaved negligently and breached their duty of care towards Mrs. Sandoval.

5. Defendant "A", as the insurer for Romano's Macaroni and Grill, is responsible for plaintiffs' damages and must provide compensation to them pursuant to a policy covering the accident alleged in this complaint, subject to its limits.

6. Defendants "B"-"Z" are also responsible and must provide compensation for plaintiffs' damages, as they were owners or operators of the area of the accident, and/or lessees, and/or subsidiaries, and/or parent corporations, and/or contractors, and had a legal duty of care to prevent accidents like the one suffered by Mrs. Cándida Sandoval, which they breached through their negligence. Their insurers, who are included in this fictitious denomination, must also provide compensation for plaintiffs' damages under policies that they had to cover these defendants' negligence.

**IV. DAMAGES**

1. As a consequence of the negligence of defendants, Mrs. Cándida Sandoval suffered grave and permanent physical injuries, including neuromuscular damages to her back, with diagnosis ranging from lumbar radiculitis, radiculopathies at the lumbar and sacral level, a lumbar disc bulge with peripheral annular tear, bilateral sacroilitis, and coccygodynea. She suffered a straightening of her spinal lordosis, with pain irradiating to her bilateral sacroiliac joints and left leg, and decreased patellar tendon reflexes, also bilaterally. She has pain at the sacro-coccyx area, and has decreased range of motion of her lumbar spine, her legs, and left hip. Doña Cándida has been submitted to conservative treatment, including physical therapies, without improvement. She is currently undergoing lumbar nerve blocks. She also suffered post-traumatic joint and hand pain. Doña Cándida's injuries have affected her daily life substantially, as she has problems bathing and dressing up, cannot stand sit or stand for long periods of time, has trouble walking up and down stairs, cannot walk distances, and cannot normally bend, kneel

or squat. These damages must be legally compensated by defendants in the amount of $1,500,000.00.

2. As a consequence of the negligence of defendants, Mrs. Cándida Sandoval, has suffered serious emotional damages, proportional to her substantial physical damages and her resulting loss of capacity to enjoy her life without pain and limitations, and must be compensated in $500,000.00.

3. As a consequence of the negligence of defendants, Mr. Osvaldo Cabrera, husband of Mrs. Sandoval, has suffered a loss of the capacity to enjoy his life, sadness, and loss of consortium, in seeing his spouse endure severe impairments, and having to assist her basic needs. These damages are estimated in $250,000.00.

4. Plaintiffs' conjugal partnership, or "Sociedad Legal de Gananciales", has suffered losses consisting of out-of-pocket medical expenses, caused by defendants' negligence, that are presently estimated in $5,000.00.

5. All defendants are legally responsible for plaintiffs' damages joint and severally, and must therefore compensate them. Plaintiffs specifically demand the compensation of all the damages described above, which were adequately caused by defendants' negligence.

6. Given that defendants acted with gross negligence and grave disregard for public life and safety, by creating highly preventable dangers for commercial purposes that could have been avoided, they must also pay punitive damages to plaintiffs, as prescribed by Puerto Rico tort law, under Article 1538 of the Puerto Rico Civil Code.

## V.   JURY DEMAND

Plaintiffs demand a trial by jury as to all claims and issues alleged and so triable.

***WHEREFORE,*** it is respectfully prayed from this Honorable Court that judgment be entered against all defendants and for plaintiffs in the amount of $2,230,000.00, plus punitive damages, as compensation for their respective damages, with the imposition of costs and expenses of this litigation, reasonable attorney fees and legal interests since the date of the filing of the complaint.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, I copied all counsel with a true copy of this document using the CM/ECF system.

AT SAN JUAN, PUERTO RICO, ON THIS 2nd DAY OF SEPTEMBER, 2022.

*S/JAIME F. AGRAIT LLADÓ*
USDC No. 207012
**AGRAIT-LLADÓ LAW FIRM L.L.C.**
PO Box 195193
San Juan, PR 00919-5193
Tel. (787) 753-7130/753-7142/753-7143
Fax. (787) 763-1594
E-mails: jfagraitlaw@aol.com;
jall@agraitllado.com